**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

Submitted November 10, 2005[*]
Decided November 14, 2005

Before

Hon. MICHAEL S. KANNE, Circuit Judge

Hon. TERENCE T. EVANS, Circuit Judge

Hon. DIANE S. SYKES, Circuit Judge

No. 04-4174

| | |
|---|---|
| ERVIN R. HALL-BEY<br>    Plaintiff-Appellant,<br><br>    v.<br><br>EVELYN RIDLEY-TURNER, et al.,<br>    Defendants-Appellees. | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division<br><br>No. 2:04-CV-RLY-WGH<br><br>Richard L. Young,<br>Judge. |

O R D E R

Erwin Hall-Bey, who is currently incarcerated at the Wabash Valley Correctional Facility in Indiana, brought this suit under 42 U.S.C. § 1983, alleging that prison and state employees were deliberately indifferent to his serious medical needs.  Hall-Bey, an insulin-dependent diabetic, alleged that prison administrative and medical officials refused him his prescribed footwear for lumps and ulcers on his feet.  Shortly after filing suit, Hall-Bey requested a preliminary injunction to

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  See Fed. R. App. P. 34(a)(2).

compel prison authorities to retain the services of an independent, non-prison affiliated physician to provide his prescribed footwear. Relying on Forbes v. Edgar, 112 F.3d 292 (7th Cir. 1997), the district court determined that, because the Constitution does not entitle an inmate to "the particular treatment of his choice," Hall-Bey could not demonstrate a likelihood of prevailing on the merits. The district court therefore denied his request for a preliminary injunction.

In reviewing a district court's denial of a preliminary injunction, we review legal conclusions de novo and findings of fact for clear error. Joelner v. Vill. of Washington Park, 378 F.3d 613, 619-20 (7th Cir. 2004). A party seeking a preliminary injunction must demonstrate, among other things, that it has a reasonable likelihood of success on the merits of the underlying claim. AM Gen. Corp. v. DaimlerChrysler Corp., 311 F.3d 796, 803-04 (7th Cir. 2002). If the party seeking the injunction cannot establish such a likelihood, the court ends its inquiry and denies the request. See id.

Hall-Bey argues that the district court erred because it failed to examine evidence that proves he would suffer irreparable harm if the injunction were not granted. However, he does not point to any evidence in the record to substantiate his claim. See Anderson v. U.S.F. Logistics (IMC), Inc., 274 F.3d 470, 474-75, 477-78 (7th Cir. 2001) (stating that the party seeking a preliminary injunction must demonstrate that it will suffer irreparable harm). Moreover, Hall-Bey cannot show that he would succeed on the merits of his underlying § 1983 action because prisoners are not entitled to receive the particular medical treatment of their choice. See Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997); see also Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). In fact, it appears that any Eighth Amendment concern is alleviated by the "reasonable measures" taken by the prison to avoid any risk of serious harm to him—namely, arranging for Hall-Bey's foot condition to be examined by a doctor employed by the prison and an "outside foot specialist." See id. (stating that inmates are entitled not to "the best care possible," but only "to reasonable measures to meet a substantial risk of serious harm"). Therefore, the district court properly denied the request for a preliminary injunction.

AFFIRMED.